FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS    2016 JUN 30  AM 8: 25
AUSTIN DIVISION

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| TOMMY JOE KELLEY | § | |
| a/ka/ TOMMY JOE ADAMS | § | |
| | § | |
| V. | § | A-16-CA-532-SS |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.
§ 2254 (Document 1), Respondent's Motion to Dismiss (Document 5), and Petitioner's response
thereto (Document 6). Petitioner, proceeding pro se, has been granted leave to proceed in forma
pauperis.  For the reasons set forth below, Petitioner's application for writ of habeas corpus is
dismissed as time-barred.

## I.  STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

Petitioner challenges the Director's custody of him pursuant to a judgment and sentence of
the 390th Judicial District Court of Travis County, Texas, in cause number D-1-DC-11-300376.
Petitioner was charged by indictment with unlawful use of a criminal instrument, with three prior
felony convictions alleged for the enhancement of punishment.  He pleaded guilty as charged and
was sentenced to five years in prison pursuant to a plea bargain agreement on February 9, 2012.

Petitioner challenged his conviction in a state application for habeas corpus relief filed on
December 8, 2015.  The Texas Court of Criminal Appeals denied it without written order on the



findings of the trial court without a hearing on February 17, 2016. *Ex parte Adams*, Appl. No. 83,623-02.

**B.    Petitioner's Grounds for Relief**

Petitioner argues he is entitled to habeas corpus relief because "wrongful plea because of District Attorneys [sic] fraud on the Courts and petitioner."

## II.   DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's conviction became final, at the latest, on March 12, 2012, at the conclusion of time during which he could have appealed his conviction. *See* TEX. R. APP. P. 26.2(a).  Petitioner incorrectly argues the factual predicate of his claim was not known to him until he discovered new

evidence. As explained by Respondent, Petitioner confuses the factual predicate of his claim with his purported proof thereof.

Therefore, Petitioner had until March 12, 2013, to timely file his federal application. Petitioner presumably executed his federal application for habeas corpus relief on April 26, 2016, the date he signed his application to proceed in forma pauperis. This was after the limitations period had expired. Petitioner's state application did not operate to toll the limitations period, because it was also filed after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*,

523 U.S. 614, 623–624 (1998).  In this case, Petitioner has made no valid attempt to show he was actually innocent of the crime to which he pleaded guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  CONCLUSION

Petitioner's application for habeas corpus relief is time-barred.  Therefore, Respondent's Motion to Dismiss is granted and Petitioner's application is dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that the Motion to Dismiss, filed by Respondent on May 26, 2016, is **GRANTED**.

It is further **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that a certificate of appealability is hereby **DENIED**.

Signed this __29__ day of June 2016.

SAM SPARKS
UNITED STATES DISTRICT JUDGE